## STATE *v.* JOHN CLARK.

*Abatement of nuisance. Service of order.*

1. Proceedings for the closing of a place as a nuisance under the liquor law are purely statutory, and the substance of the statute must be complied with.

2. Where the officer posts upon the door of the place a copy of the order of abatement itself instead of the notice prescribed by the statute, the place is not legally closed against the occupant, but he may reopen it without first giving a bond.

Exceptions from the City Court of the city of Burlington. PECK, J. The complaint, based upon R. L. s. 3840, charged the respondent with having re-opened, without first giving the required bond, a room which had been abated as a nuisance. The respondent having been convicted, moved in arrest of sentence for the insufficiency of the complaint. Motion overruled.

The following were the allegations of the complaint so far as relates to the adjudication that the place in question was a nuisance and its abatement:

"And such further proceedings were then and there had before said City Court, that the said bar-room was adjudged to be a common nuisance, and was then and there ordered by said court to be shut up and abated as such, and thereupon said court, on, to wit, the 23d day of July, A. D. 1889, issued its order in writing in due form of law, directed to Joseph Barton, sheriff of the county of Chittenden, to serve and return, and commanding him as such sheriff to shut up and abate said room, and to return said order with his doings thereon, to said court according to law.

And said Barton as such sheriff as aforesaid, by virtue of and in pursuance of said order to him so directed as aforesaid, at said Burlington, on, to wit, the 23d day of July, 1889, made service of said order so directed to him as such said sheriff, and did shut up and abate said nuisance and room by posting a copy of said order on the door of the said bar-room, and by removing all articles that constitute a bar and closed the doors of said bar-room, in due form of law; and returned said order with his doings thereon into court according to law, on said 23d day of July, A. D. 1889."

*J. A. Brown*, for the respondent.

The statute relating to the abatement of a common nuisance is mandatory, and must be strictly complied with. *Shrewsbury* v. *Mount Holly*, 2 Vt. 220 ; *Farnsworth* v. *Goodhue*, 48 Vt. 209 ; *Willard* v. *Pike*, 59 Vt. 202.

*D. J. Foster*, State's Attorney, and *J. E. Cushman*, City Grand Juror, for the State.

The opinion of the court was delivered by

ROWELL, J. The complaint alleges that the order for shutting up the respondent's place and abating the nuisance was " in due form of law ;" but what is set out of it does not show that it was in due form, which, the form being prescribed, means the statutory form. Without saying whether this is good pleading or not, we assume it to be for present purposes, which makes the order in due form. But the complaint shows it to have been executed in a manner entirely different from its command. Its command was to abate the nuisance by shutting up the place, on giving the respondent reasonable notice to remove whatever goods and effects he might lawfully possess therein, and on shutting it up, to post on the door or main entrance thereof a notice, signed by the officer in his official capacity, in the words following : " Closed against John Clark of Burlington, by order of the city clerk of Burlington." Instead of doing this, as the complaint shows, the officer posted a copy of the order itself on the door of the place, removed all articles that constituted a bar, and closed the doors " *in due form of law* ;" thus omitting to obey most of the commands of his precept. This is fatal. This whole proceeding being purely statutory, the substance of the statute must be complied with in order to legally shut up the place ; and if it is not legally shut up, it is not illegal to reopen it without giving the bond required by statute. The motion is sustained.

As this ends the case, nothing need be said on the other points.

*Judgment and sentence reversed, and judgment that the respondent be acquitted.*